1 | Michael Sanderson Lawson, SBN: 48172
City Attorney
2 | CITY OF EAST PALO ALTO
2415 University Avenue
3 | East Palo Alto, CA 94303
Telephone: (650) 853-5921
4 | Facsimile:  (650) 853-5923

5 | Benjamin P. Fay, SBN: 178856
Rick W. Jarvis, SBN: 154479
6 | JARVIS, FAY & DOPORTO, LLP
475 - 14th Street, Suite 260
7 | Oakland, CA 94612
Telephone:     (510) 238-1400
8 | Facsimile:      (510) 238-1404
rjarvis@jarvisfay.com
9 | bfay@jarvisfay.com

10 | Attorneys for Defendant
CITY OF EAST PALO ALTO

11

12 | **UNITED STATES DISTRICT COURT**

13 | **NORTHERN DISTRICT OF CALIFORNIA**

14

15

16 | PALO MOBILE ESTATES ASSOCIATES, a )    CASE NO:   C 07-03601 EDL
California limited partnership,                          )

17 |                 Plaintiff,                          )     **ANSWER TO VERIFIED COMPLAINT**

18 | v.                                                          )     **FOR DECLARATORY RELIEF,**
                                 )     **INJUNCTIVE RELIEF AND INVERSE**

19 | CITY OF EAST PALO ALTO, a municipal )     **CONDEMNATION**
corporation; DOES 1 through 10, inclusive,  )

20 |                                  )     Superior Court Action Filed: June 12, 2007
                Defendants.                          )     Removed to Federal Court: July 12, 2007

21 | _____ )     Trial Date: None Set

22

23 |         Defendant CITY OF EAST PALO ALTO (hereinafter "Defendant") hereby answers the

24 | "Verified Complaint for Declaratory Relief, Injunctive Relief and Inverse Condemnation" (hereinafter

25 | "the Complaint") filed by Plaintiff PALO MOBILE ESTATES ASSOCIATES (hereinafter "Plaintiff")

26 | as follows:

27 |         1.       Answering paragraph 1, Defendant is without sufficient knowledge or information to

28 | form a belief as to the truth of the allegations contained in paragraph 1 and on that basis denies the

1 | allegations contained in paragraph 1.

2 |      2.     Answering paragraph 2, Defendant admits that Defendant is a municipal corporation,

3 | organized and existing under the laws of the State of California.

4 |      3.     Answering paragraph 3, Defendant denies the allegations set forth in paragraph 3.

5 |      4.     Answering paragraph 4, Defendant denies the allegations set forth in paragraph 4.

6 |      5.     Answering paragraph 5, Defendant admits that the City of East Palo Alto is located in

7 | the County of San Mateo and that this Court has personal jurisdiction over Defendant.  Except as

8 | expressly admitted, Defendant denies each and every allegation contained in paragraph 5.

9 |      6.     Answering paragraph 6, Defendant admits that this action is properly venued in the

10 | United Stated District Court for the Northern District of California.  Except as expressly admitted,

11 | Defendant denies each and every allegation contained in paragraph 6.

12 |      7.     Answering paragraph 7, Defendant denies the allegations set forth in paragraph 7.

13 |      8.     Answering paragraph 8, Defendant admits that the Palo Mobile Estates mobilehome

14 | park ("the Park") is located in the City of East Palo Alto.  On May 1, 2007, Defendant received an

15 | application to convert the Park from a rental mobilehome park into a resident-owned mobilehome park

16 | with 118 separate parcels.  The application is not complete and has not been reviewed or approved by

17 | Defendant.  The application is subject to section 66427.5 of the Government Code, and if the

18 | conversion occurs, then Defendant's rent control ordinance with regard to the Park will be supplanted

19 | by the relevant State law.  Except as expressly admitted, Defendant denies each and every allegation

20 | contained in paragraph 8.

21 |      9.     Answering paragraph 9, Defendant admits that there are statutes that regulate

22 | mobilehome parks and the conversion of mobilehome parks from rental parks into resident-owned

23 | parks.  Except as expressly admitted, Defendant denies each and every allegation contained in

24 | paragraph 9.

25 |      10.     Answering paragraph 10, Defendant admits that section 66427.5 of the Government

26 | Code applies to conversions of mobilehome parks from rental parks into resident-owned parks.

27 | Section 66427.5 of the Government Code speaks for itself, and its interpretation and application is a

28 | matter of dispute in this litigation.  The California Department of Real Estate is involved with

Answer to Verified Complaint for Decl. Relief, Injunctive Relief, Inverse Condemnation     Case No:  C 07-03601 EDL

1    mobilehome park conversions, after the conversions have been approved by the local regulatory body.

2    Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 10.

3           11.    Answering paragraph 11, Defendant admits that on May 1, 2007, Defendant received an

4    application to convert the Park from a rental mobilehome park into a resident-owned mobilehome park

5    with 118 separate parcels.  The application is not complete and has not been reviewed or approved by

6    Defendant.  Except as expressly admitted, Defendant denies each and every allegation contained in

7    paragraph 11.

8           12.    Answering paragraph 12, Defendant is without sufficient knowledge or information to

9    form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies the

10   allegations contained in paragraph 12.

11          13.    Answering paragraph 13, Defendant admits that Exhibit "A" to the Complaint is a copy

12   of a letter dated March 9, 2007 from an attorney representing Plaintiff to the City Council of the City

13   of East Palo Alto.  This letter objected to Defendant's proposed 45-day moratorium on the conversion

14   of rental mobilehome parks into resident-owned mobilehome parks and set forth several arguments as

15   to why Plaintiff held the belief that Defendant could not legally enact this moratorium, including

16   arguments that the subject matter of the moratorium was preempted by state law and that the

17   moratorium could not be enacted under section 65858 of the Government Code.  These various

18   arguments are set forth in Exhibit "A."  Except as expressly admitted, Defendant denies each and

19   every allegation contained in paragraph 13.

20          14.    Answering paragraph 14, Defendant admits that on March 13, 2007, the City Council of

21   the City of East Palo Alto enacted Ordinance No. 299 which imposed a 45-day moratorium on the

22   approval of the conversion of rental mobilehome parks into resident-owned mobilehome parks.  A

23   copy of Ordinance No. 299 is attached to the Complaint as Exhibit "B."  Except as expressly admitted,

24   Defendant denies each and every allegation contained in paragraph 14.

25          15.    Answering paragraph 15, Defendant admits that Exhibit "C" to the Complaint is a copy

26   of a letter dated April 13, 2007 from an attorney representing Plaintiff to the City Council of the City

27   of East Palo Alto.  This letter objected to the extension of Defendant's moratorium on the conversion

28   of rental mobilehome parks into resident-owned mobilehome parks and set forth several arguments as

1   to why Plaintiff continued to hold the belief that Defendant could not legally enact this moratorium,

2   including arguments that the subject matter of the moratorium was preempted by state law and that the

3   moratorium could not be enacted under section 65858 of the Government Code because there was no

4   current and immediate threat to the public health, safety, or welfare and that such a conversion is not a

5   "change of use."  These various arguments are set forth in Exhibit "C" to the Complaint.  Except as

6   expressly admitted, Defendant denies each and every allegation contained in paragraph 15.

7           16.     Answering paragraph 16, Defendant admits that following a hearing on April 24, 2007,

8   the City Council of the City of East Palo Alto adopted Ordinance No. 300, which extended for three

9   months, until July 27, 2007, the moratorium on the approval of applications to convert rental

10  mobilehome parks into resident-owned mobilehome parks.  Representatives of Plaintiff attended the

11  meeting and objected to the moratorium, continuing to argue that it was illegal.  Section 2 of

12  Ordinance No. 300 states: "During the period this ordinance remains in effect, no permit or approval of

13  any entitlement application shall be granted allowing the conversion of a mobilehome park to resident

14  ownership within the city of East Palo Alto."  Section 1, subsection (i), of Ordinance No. 300 states:

15  "The City Council finds that the extension of the temporary moratorium is necessary to provide staff

16  and advisory bodies sufficient time to study the issues and make recommendations on whether and

17  how to regulate mobilehome park conversions consistent with the provisions of Gov. Code § 66427.5."

18  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 16.

19          17.     Answering paragraph 17, Defendant denies the allegations set forth in paragraph 17.

20          18.     Answering paragraph 18, Defendant denies the allegations set forth in paragraph 18.

21          19.     Answering paragraph 19, Defendant denies the allegations set forth in paragraph 19.

22          20.     Answering paragraph 20, Defendant admits that the opinion in *Kavanau v. Santa*

23  *Monica Rent Control Bd.*, (1997) 16 Cal.4th 761, contains the statement on page 779 that "if a property

24  owner brings a timely action to set aside or void a regulation, he may *but need not* join a claim for

25  damages.  Instead, he may bring a damages claim separately after successfully challenging the

26  regulation."  Except as expressly admitted, Defendant denies each and every allegation contained in

27  paragraph 20.

28          21.     Answering paragraph 21, Defendant realleges its responses to paragraphs 1 through 20

1  above.

2      22.    Answering paragraph 22, Defendant admits that there is presently a controversy

3  between Defendant and Plaintiff regarding the validity of Defendant's moratorium on the approval of

4  applications to convert rental mobilehome parks into resident-owned mobilehome parks.  Except as

5  expressly admitted, Defendant denies each and every allegation contained in paragraph 22.

6      23.    Answering paragraph 23, Defendant does not dispute that Plaintiff may be seeking a

7  declaration as set forth in paragraph 23.  Except as expressly admitted, Defendant denies each and

8  every allegation contained in paragraph 23.

9      24.    Answering paragraph 24, Defendant denies the allegations set forth in paragraph 24.

10     25.    Answering paragraph 25, Defendant realleges its responses to paragraphs 1 through 24

11  above.

12     26.    Answering paragraph 26, Defendant does not dispute that Plaintiff may be seeking a

13  preliminary and permanent injunction as set forth in paragraph 26.  Except as expressly admitted,

14  Defendant denies each and every allegation contained in paragraph 26.

15     27.    Answering paragraph 27, Defendant admits that Plaintiff has objected to Ordinance No.

16  300, and that Defendant has not repealed Ordinance No. 300.  Except as expressly admitted, Defendant

17  denies each and every allegation contained in paragraph 27.

18     28.    Answering paragraph 28, Defendant denies the allegations set forth in paragraph 28.

19     29.    Answering paragraph 29, Defendant denies the allegations set forth in paragraph 29.

20     30.    Answering paragraph 30, Defendant denies the allegations set forth in paragraph 30.

21     31.    Answering paragraph 31, Defendant realleges its responses to paragraphs 1 through 30

22  above.

23     32.    Answering paragraph 32, Defendant denies the allegations set forth in paragraph 32.

24     33.    Answering paragraph 33, Defendant denies the allegations set forth in paragraph 33.

25     34.    Answering paragraph 34, Defendant denies the allegations set forth in paragraph 34.

26     35.    Answering paragraph 35, Defendant denies the allegations set forth in paragraph 35.

27     36.    Answering paragraph 36, Defendant denies the allegations set forth in paragraph 36.

28

Answer to Verified Complaint for Decl. Relief, Injunctive Relief, Inverse Condemnation      Case No:  C 07-03601 EDL

**AFFIRMATIVE DEFENSES**

1.      As a first separate affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

2.      As a second separate affirmative defense, the City alleges that the injuries and damages complained of by Plaintiff have not occurred and thus Plaintiff's claims are premature.

3.      As a third separate affirmative defense, Defendant alleges that the claims asserted in the Complaint are not ripe for judicial review.

4.      As a fourth separate affirmative defense, Defendant alleges that Plaintiffs' claims for relief will be moot.

**PRAYER**

Defendant prays:

1.      That the Complaint be denied and all of its claims for relief be dismissed with prejudice;

2.      That Defendant be awarded the costs of suit incurred herein;

3.      That Defendant be awarded its reasonable attorney's fees; and

4.      That Defendant be granted such other and further relief as this Court may deem just and proper.


Dated: July 18, 2007                    JARVIS, FAY & DOPORTO, LLP


                                        By: /s/ Benjamin P. Fay
                                            Benjamin P. Fay
                                        Attorneys for Defendant
                                        CITY OF EAST PALO ALTO

J:\Clients\103 [E. Palo Alto]\010 (Palo Mobile Estates Complaint (Fed))\Plead\Answer.wpd

Answer to Verified Complaint for Decl. Relief, Injunctive Relief, Inverse Condemnation          Case No:  C 07-03601 EDL