Michael Sanderson Lawson, SBN: 48172
City Attorney
CITY OF EAST PALO ALTO
2415 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 853-5921
Facsimile:  (650) 853-5923

Benjamin P. Fay, SBN: 178856
Rick W. Jarvis, SBN: 154479
JARVIS, FAY & DOPORTO, LLP
475 - 14th Street, Suite 260
Oakland, CA 94612
Telephone:     (510) 238-1400
Facsimile:     (510) 238-1404
bfay@jarvisfay.com
rjarvis@jarvisfay.com

Attorneys for Defendant
CITY OF EAST PALO ALTO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO MOBILE ESTATES ASSOCIATES, a California limited partnership,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO, a municipal corporation; DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO:   C 07-03601 PJH<br><br>**DEFENDANT CITY OF EAST PALO ALTO'S BRIEF RE ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO THE SUPERIOR COURT OF SAN MATEO COUNTY FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Superior Court Action Filed: June 12, 2007<br>Removed to Federal Court: July 12, 2007<br>Trial Date: None Set |

## I. Introduction

The Court has directed the Defendant City of East Palo Alto ("the City") "to show cause in writing . . . why [this action] should not be remanded to the Superior Court of California, County of San Mateo, for lack of subject matter jurisdiction, in light of *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson County* ("*Williamson County*"), 473 U.S. 172 (1985)." Remand would not be appropriate under *Dodd v. Hood River County*, 59 F.3d 852 (9th Cir. 1995), which overturned a District Court order remanding a takings claim pursuant to *Williamson County* under analogous circumstances.

In this action, the Plaintiff Palo Mobile Estates Associates ("PME") challenges the validity of a temporary moratorium enacted by the City on the approval of applications to convert rental mobilehome parks into resident-owned mobilehome parks. Such a conversion is akin to the conversion of an apartment building into condominiums. PME claims that this moratorium was a taking of its property in violation of the 5th and 14th Amendments to the United States Constitution. This claim was not ripe when the Complaint was filed because PME had not submitted a complete application for a conversion to the City, and now the claim can never ripen and has become moot because the moratorium expired on July 27, 2007. Under the Ninth Circuit's holding in *Dodd v. Hood River County* this Court should not remand the action to the Superior Court and instead should consider the City's challenge to the claim and ultimately dismiss it.

## II. Statement of Facts

The City's moratorium was first enacted on March 13, 2007. It was extended on April 24, 2007, and it expired on July 27, 2007. During the pendency of the moratorium the City accepted applications for conversions, but would not approve any conversions.

PME owns a rental mobilehome park in the City of East Palo Alto. The City will show that when this action was filed on June 12, 2007, although the Plaintiff had begun submitting an application to convert its rental mobilehome park into a resident-owned mobilehome park, it had not yet submitted a complete application. When the moratorium expired on July 27, 2007, PME had still not submitted a complete application.

When PME filed this action, it filed a concurrent action that sought a writ of mandate to

1  invalidate the moratorium. This other action remained in the San Mateo County Superior Court. A
2  hearing was held on the writ, and the court denied the writ stating that [t]he motion is denied without
3  prejudice to renew because the claim is not ripe and the moratorium will expire on July 27, 2007."
4  (Request for Judicial Notice,[1] Exhibit "A.") On October 22, 2007, judgment was entered in favor of
5  the City. (Request for Judicial Notice, Exhibit "B.")

### III.  Argument

**A.  The City intends to show that PME's challenge to the City's temporary moratorium has never ripened and is now moot.**

The City expects to be able to show that when PME filed this action, it had not submitted a complete application to convert its mobilehome park from a rental mobilehome park into a resident-owned mobilehome park. PME's claim that the moratorium effected a taking of its property was therefore not ripe for review. See *Williamson County*, *supra*, 473 U.S. 172 at 186-87. When the moratorium expired on July 27, 2007, PME had still not submitted a complete application to the City, and therefore its claim never ripened. Now that the moratorium has expired and is no longer in effect, PME's taking claim is moot.

**B.  The Court should not remand this action to the Superior Court, but instead should consider the City's challenge to PME's takings claim, which the City believes should lead to the dismissal of that claim.**

In *Williamson County*, the Court held that a claim that a land use regulation has affected a taking is not ripe for review until the government entity reaches a final decision regarding the application of the regulation and the plaintiff has sought compensation through the procedures provided by the state. *Id*., 473 U.S. 172, 186. In *Dodd v. Hood River County* the district court dismissed a plaintiff's takings claim, concluding that the plaintiff first had to pursue and conclude its state remedy for compensation in the state courts before it could pursue a takings claim in the federal court. *Id.*, 59 F.3d 852, 857-58. The Ninth Circuit, however, reversed the District Court's decision,

---

[1] Defendant City of East Palo Alto's Request for Judicial Notice in Support of Brief re Order to Show Cause Why this Action Should Not Be Remanded to the Superior Court of San Mateo County for Lack of Subject Matter Jurisdiction, filed concurrently with this brief.

explaining:

> "[T]o hold that a taking plaintiff must first present a Fifth Amendment claim to the state court system as a condition precedent to seeking relief in a federal court would be to deny a federal forum to every takings claimant. We are satisfied that *Williamson County* may not be interpreted to command such a revolutionary concept and draconian result."

*Id.* at 859-60.

In the present case, PME sought a writ in the Superior Court, and the writ was denied. As explained by the Ninth Circuit in *Dodd v. Hood River County*, this Court can consider PME's claim and it should not be remanded to the state court for consideration by the state court because to do so would, in effect, deny a federal forum for this claim that is based on federal law.

### IV.  Conclusion

It is the City's position that this Court does not have subject matter jurisdiction over PME's takings claim because it is now moot. However, the City contends that because the claim is based on federal law, the claim should not be remanded to the Superior Court. Rather, the City should be afforded the opportunity in this forum to show that the federal takings claim should be dismissed.

Dated: November 2, 2007                                     JARVIS, FAY & DOPORTO, LLP


By:      /s/Benjamin P. Fay
           Benjamin P. Fay
Attorneys for Defendant
CITY OF EAST PALO ALTO

J:\Clients\103 [E. Palo Alto]\010 (Palo Mobile Estates Complaint (Fed))\Plead\OSC re remand.wpd