RICHARD H. CLOSE (Bar No. 50298)
rclose@gilchristrutter.com
THOMAS W. CASPARIAN (Bar No. 169763)
tcasparian@gilchristrutter.com
YEN N. NGUYEN (Bar No. 233880)
ynguyen@gilchristrutter.com
GILCHRIST & RUTTER
Professional Corporation
Wilshire Palisades Building
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700

Attorneys for Plaintiff Palo Mobile Estates Associates

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO MOBILE ESTATES ASSOCIATES, a California limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF EAST PALO ALTO, a municipal corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C 07-03601 PJH<br><br>FIRST SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND INVERSE CONDEMNATION<br><br>Superior Court Action Filed: June 12, 2007<br>Removed to Federal Court: July 12, 2007<br>Trial Date: None Set |

Plaintiff Palo Mobile Estates Associates ("PME" or "Plaintiff") by this first supplemental complaint ("Complaint") hereby alleges as follows:

JURISDICTION

1. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. §§ 1332 and 1367. This Court has original jurisdiction under 28 U.S.C. § 1331 in that the Third Cause of Action arises under the Fifth and Fourteenth Amendments of the United States Constitution, asserting a taking of Plaintiff's property for a non-public purpose and without just compensation. Furthermore, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the First and Second Causes of Action in that these claims are so related to the

1 Third Cause of Action that they form part of the same case or controversy under Article III of the
2 United States Constitution.

3     2.    This Court has personal jurisdiction over Defendants as they are, and at all relevant
4 times hereinafter mentioned were, political subdivisions, cities, political and administrative
5 bodies, domiciliaries, and/or residents of the State of California.

## VENUE & INTRADISTRICT ASSIGNMENT

7     3.    Venue is properly placed and this action is properly assigned to the Northern
8 District of California, San Francisco District pursuant to Local Rule 3-2 (d) in that: (a) the
9 wrongful conduct, acts and omissions of Defendants hereinafter alleged occurred and took place in
10 the County of San Mateo, State of California; (b) the effects of such wrongful conduct and the
11 damages resulting therefrom to PME have occurred within the County of San Mateo, State of
12 California; (c) the Defendants, their employees and representatives and most of the witnesses to
13 the conduct alleged herein reside in or around the County of San Mateo or have their principal
14 places of business and conduct their businesses within the County of San Mateo, State of
15 California.

## THE PARTIES

17     4.    PME is a California limited partnership duly authorized and existing under and by
18 virtue of the laws of the State of California.

19     5.    PME is informed and believes, and thereon alleges, that defendant City of East Palo
20 Alto ("City" or "Defendant") is a municipal corporation organized and existing under the laws of
21 the State of California.

22     6.    The true names and capacities, whether individual, corporate, associate,
23 governmental or otherwise, of defendants Does 1-10, inclusive, are unknown to PME at this time
24 and PME therefore sues said defendants by such fictitious names. Leave of Court will be
25 requested to amend this Complaint to show their true names and capacities when the same have
26 been ascertained. City and Does 1-10, inclusive, are sometimes hereinafter collectively referred to
27 as "Defendants." PME is further informed and believes, and thereon alleges that Defendants, and
28 each of them, in doing the things hereinafter alleged were acting pursuant to the course and scope

of their authority as agents, servants, and employees of one another and with the permission and consent of their co-defendants.

7. PME is informed and believes, and based thereon alleges, that Defendants, and each of them, conspired and acted in concert with each other with respect to the events and happenings referred to herein which proximately caused the damages hereinafter alleged.

## GENERAL FACTUAL ALLEGATIONS

A. Introduction

8. PME is the owner of Palo Mobile Estates (the "Park"), a mobilehome park located in the City of East Palo Alto. PME was and is seeking to convert the Park to resident ownership pursuant to California Government Code section 66427.5. Such a conversion would mean that the residents of the Park would own their own real estate units, as well as an undivided interest in the common areas, as opposed to a rental-only facility owned by Plaintiff. When a mobilehome park is converted to condominium-style ownership, each lot in the mobilehome park becomes separately transferable pursuant to state law and subject to applicable covenants, conditions, and restrictions. State law provides for its own form of rent control applicable in a resident-owned park and preempts any otherwise applicable local rent control.

9. California has adopted a comprehensive statutory scheme governing conversion of mobilehome parks from rental facilities to resident-owned, or condominium-style, parks. The agency principally responsible for administering that statutory scheme is the California Department of Real Estate. Under California law, the authority of local bodies such as City is limited to consideration of an application for a tentative tract map pursuant to Government Code section 66427.5 (within the Subdivision Map Act, Government Code section 66410 *et seq.*). Such a map has the effect of subdividing the single parcel into separately transferable real estate units, as well as interest in undivided common areas. No construction or physical development at the mobilehome park is contemplated or necessary. Rather, the subdivision is a legal division whereby separate sellable interests are created within the park.

10. A local agency's, such as City's, consideration of such an application is governed by Government Code section 66427.5, which provides specific and detailed requirements for

conversions to resident ownership and explicitly limits the local government's review of the application to the question of whether the requirements of Government Code section 66427.5 have been satisfied. After the local government approves the map subdivision, the California Department of Real Estate regulates the marketing and sale of the individual units in the mobilehome park.

11. Pursuant to this statutory framework, PME has submitted an application for a tentative tract map to subdivide the Park for condominium purposes ("Application"). The Application does not contemplate any new building or development; it merely subdivides the property lines to allow for resident ownership of lots in the Park.

B. The Moratorium

12. In or around March 2007, PME became aware that City was planning a vote regarding a proposed interim urgency ordinance, allegedly pursuant to Government Code section 65858, to impose a forty-five (45) day moratorium on approving applications for conversions of mobilehome parks to resident ownership within the City.

13. In a letter dated March 9, 2007, PME advised City that the proposed moratorium was illegal in light of controlling state statues and appellate court opinions. PME advised City that the proposed moratorium was not supported by adequate legislative findings, as required under Government Code section 65858, and was therefore an improper use of City's authority to pass interim urgency measures. PME further informed City that it was preempted from legislating in the area of mobilehome park conversions from rental-only facilities to resident ownership.

14. Nevertheless, during a City Counsel hearing on March 13, 2007, City, acting through its City Council, enacted Ordinance No. 299 imposing a temporary forty-five (45) day moratorium on the conversion of mobilehome parks to resident ownership in the City of East Palo Alto ("Original Moratorium"). A true and correct copy of Ordinance No. 299 is attached hereto as Exhibit "A."

15. In a letter dated April 13, 2007, PME again advised City that the Original Moratorium was an improper use of City's authority to pass interim urgency measures and was violative of California law. PME informed City that the conversion of a mobilehome park from a

leasehold to resident ownership did not constitute a change of use allowing for the imposition of an interim ordinance under Section 65858(a) prohibiting its use. PME reiterated that, even if the conversions to resident ownership constituted a change of use, which it did not, Defendants abused their discretion by a enacting the Original Moratorium without meeting the mandatory prerequisites set forth in Government Code section 65858(c), *i.e.,* making adequate legislative findings that the conversion of mobilehome parks to resident ownership constitute "a current and immediate threat to the public health, safety, or welfare. . .." Cal. Gov't Code § 65858(c). Lastly, PME noted City was preempted entirely from legislating in the area of mobilehome park conversions from rental-only facilities to resident ownership. PME advised City that, for those same reasons, an extension of the Original Moratorium would also be violative of the law.

16. On April 24, 2007, the City Council held a hearing to consider, among other things, extending the Original Moratorium. Representatives of PME were present at the April 24, 2007 hearing and again attempted to advise City that the Original Moratorium, and its extension, was violative of the law. However, City disregarded PME's objections and adopted Ordinance No. 300 extending the Original Moratorium for a period of three (3) months ("Extended Moratorium," together with Original Moratorium, "Moratorium"). Specifically Section 2 of Ordinance No. 300 states, "[d]uring the period this ordinance remains in effect [from April 27, 2007 to and including July 27, 2007], no permit or approval of any entitlement application shall be granted allowing the conversion of a mobilehome park to resident ownership within the city of East Palo Alto." Furthermore, Ordinance No. 300 states the purpose of the Moratorium is "to provide staff and advisory bodies sufficient time to study the issues and make recommendations on whether and how to regulate mobilehome park conversions. . .." Such regulation is expressly prohibited by California law. A true and correct copy of Ordinance No. 300 is attached hereto as Exhibit "B."

17. During the April 24, 2007 hearing, members of the City Council made clear their desire to stop mobilehome park conversions to resident ownership, despite clear state statutory authority enabling and encouraging owner-initiated conversions. It is evident both from the tenor of the April 24, 2007 hearing and the alleged "findings" in the Extended Moratorium that City, in addition to improperly including mobilehomes in its affordable housing calculus, has concluded

that affordable rental opportunities allegedly provided by mobilehome parks as rental-only facilities should be promoted over affordable homeownership opportunities available after mobilehome park conversions to resident ownership, despite state statutory determinations otherwise.

C. <u>Ordinance No. 305</u>

18. In or around July, 2007, Plaintiff learned that City intended to enact an ordinance imposing illegal conditions on the conversion of mobilehome parks within the City of East Palo Alto. In a letter dated July 6, 2007, Plaintiff advised City that the proposed ordinance was clearly illegal in light of appellate court opinion and California law and was so unreasonable from a legal standpoint that it was clearly intended solely for the purpose of delay or obstruction.

19. At a hearing regarding the proposed ordinance on July 10, 2007, counsel for Plaintiff again explained to City Council that the proposed ordinance violated state law, and even referred the City Council to published appellate precedent and to specific legislative history materials that left no doubt that the proposed ordinance violated state law. However, members of the City Council made clear their desire to stop conversions to resident ownership unless resident initiated or resident driven, despite the law being clear that residents do not have veto power over conversions pursuant to Section 66427.5.

20. The City Council failed to establish the necessary quorum to adopt the proposed ordinance as an urgency measure, which would have been immediately effective upon adoption, at the July 10, 2007 hearing. Nevertheless, the City Council approved of the proposed ordinance on its first reading at the July 10, 2007 hearing, with minor modifications to reflect that fact that the proposed ordinance would not be approved as an urgency ordinance.

21. On July 17, 2007, the City Council held the second reading of the proposed ordinance, at which time it formally enacted the proposed ordinance imposing certain illegal conditions on the conversion of mobilehome parks within the City (the "Ordinance"), effective thirty (30) days from the date of adoption.

22. The Ordinance requires that a mobilehome park owner who seeks to convert the park to resident ownership must, among other things, (i) submit documentation evidencing that the

park is in compliance with Title 25 requirements, which is exclusively the domain of the California Department of Housing and Community Development ("HCD"), including copies of all Title 25 Inspection Reports for the previous three (3) years or obtaining one if no such inspections have occurred within that time period, a list of all deficiencies found on inspection and evidence that all deficiencies have been corrected, and written documentation from the HCD that the park complies with all applicable Title 25 requirements; (ii) submit an engineering report prepared by a registered civil or structural engineer or licensed general engineering contractor on the type, size, current condition, adequacy and remaining useful life of common facilities located within the park, including, but not limited to, water systems, sanitary sewer, fire protection, storm water, streets, lighting, pools, playgrounds, and community buildings; (iii) submit a tenant impact report which requires extensive and burdensome information, some of which involves residents' private personal and financial information, that is not within the park owner's possession and is not within the City's proper discretion or consideration, including the components of existing resident households including family size, age of residents, estimated household income and whether the household receives government subsides, the availability of mobilehome spaces within City limits and current space rent charged for the space, an analysis of moving an existing mobilehome to another site, and a market rent survey or appraisal; (iv) submit certain information regarding the resident survey of support which is not required by state law, such as written evidence of the agreement between the applicant and the homeowners' association regarding the survey of support; and, (v) submit certain legal documents that are not within the City's proper discretion or consideration, but rather is information that state law requires to be provided to the California Department of Real Estate after local approval of the subdivision map, including documents prepared for and defining the powers and duties of the proposed homeowners' association such as articles of incorporation, by-laws, and conditions, covenants and restrictions and a general title report. A true and correct copy of the Ordinance is attached hereto as Exhibit "C."

23.   As a result of City's illegal acts, PME has been damaged for a sum in excess of $14,625,000.00, which sum represents, among other things, the loss in the fair market value of

1 PME's mobilehome park and loss of income caused by its inability to convert its Park to resident ownership.

24. In order to expedite resolution on the validity of the Ordinance and pursuant to the Supreme Court's decision in *Kavanau v. Santa Monica Rent Control Board*, Plaintiff has also filed a separate Petition for Writ of Mandate relating to the Moratorium in the San Mateo Superior Court. 16 Cal. 4th 761, 779 (1997) ("[I]f a property owner brings a timely action to set aside or void a regulation, he may *but need not* join a claim for damages. Instead, he may bring a damages claim separately after successfully challenging the regulation.").

25. On May 1, 2007, PME filed a claim with City, pursuant to Government Code section 810 *et seq.*, otherwise known as the California Tort Claims Act, relating to the Moratorium, originally enacted by Ordinance No. 299 on March 13, 2007 and subsequently extended by Ordinance No. 300 on April 24, 2007. In a letter dated June 11, 2007, City rejected Plaintiff's claim.

26. On August 24, 2007, PME filed a second claim with City relating to Ordinance No. 305, adopted on July 17, 2007 and effective as of August 16, 2007. In a letter dated September 12, 2007, City rejected Plaintiff's second claim

### FIRST CAUSE OF ACTION
(For Declaratory Relief Against City and Does 1 – 10)

27. Plaintiff re-alleges and incorporates herein by this reference Paragraphs 1 through 26, inclusive, as if set forth in full herein.

28. An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, regarding their respective rights, duties, and obligations under Government Code section 66427.5, California law, and the Ordinance in that Plaintiff contends Defendants acted illegally in enacting the Ordinance as, pursuant to California law, local authority in the area of mobilehome conversions to resident ownership is limited to confirming that applications for conversion comply with the requirements contained in Government Code section 66427.5 (within the Subdivision Map Act, Government Code sections 66410 *et seq.*), local governments are strictly prohibited from imposing additional conditions not contained in Government Code section

1  66427.5, and none of the conditions imposed by the Ordinance are contained in Government Code
2  section 66427.5, whereas Defendants dispute these contentions.

3  29. Plaintiff desires a judicial determination of the respective rights and duties of
4  Plaintiff and of Defendants with respect to Government Code sections 66427.5, California law,
5  and the Ordinance. In particular, Plaintiff desires a declaration that Government Code section
6  66427.5 and California law render the Ordinance invalid in its present form;

7  30. Such a declaration is necessary and appropriate at this time in order that Plaintiff
8  may ascertain Plaintiff's rights and duties with respect to Government Code sections 66427.5,
9  California law, and the Ordinance.

## SECOND CAUSE OF ACTION

(For a Preliminary Injunction and a Permanent Injunction Against City and Does 1 – 10)

31. Plaintiff re-alleges and incorporates herein by this reference Paragraphs 1 through 30, inclusive, as if set forth in full herein.

32. Plaintiff seeks a preliminary and permanent injunction to enjoin Defendants from enforcing the Ordinance in its present form.

33. Plaintiff has demanded that Defendants stop their wrongful conduct described above and to vacate the Ordinance. Defendants, and each of them, have refused to comply with Plaintiff's demands and have continued to uphold and enforce the Ordinance, notwithstanding Plaintiff's request that City cease enforcing the Ordinance and immediately vacate the same.

34. Unless and until enjoined and restrained by this Court, Defendants' conduct has caused and will continue to cause Plaintiff to suffer grave and irreparable injury. Plaintiff's lawful use of its property has been unlawfully stymied by the Ordinance. Among other things, Plaintiff is unable to convert its Park to residential ownership, thereby facing loss in the fair market value of the Park and loss of income. Plaintiff's injuries are continuous and ongoing.

35. Plaintiff is likely to prevail on the merits of this action as Defendants clearly acted without legal authority in enacting the Ordinance in that, pursuant to California law, local authority in the area of mobilehome conversions is limited to confirming that applications for conversion comply with the requirements contained in Government Code section 66427.5 (within

the Subdivision Map Act, Government Code sections 66410 *et seq.*). Local governments are strictly prohibited from imposing additional conditions not contained in Government Code section 66427.5. The conditions imposed by the Ordinance are in excess of those contained in Government Code section 66427.5, and contravene its purpose of state-wide uniformity.

36. Plaintiff has no plain, speedy, or adequate remedy at law, and injunctive relief is authorized by California Code of Civil Procedure section 526.

### THIRD CAUSE OF ACTION

(For Inverse Condemnation Against City and Does 1 – 10)

37. Plaintiff re-alleges and incorporates by reference each and all of the allegations contained in paragraph numbers 1 through 36, as if set out in full.

38. Plaintiff has a legal right to convert its mobilehome Park to resident ownership. City's enactment of both the Moratorium and the Ordinance amounts to an unconstitutional taking and fails substantially to advance legitimate government interests as required by the Takings Clause of the Fifth Amendment to the United States Constitution and Article I, Section 19 of the California Constitution. By enacting the Moratorium and the Ordinance, City exceeded its authority and jurisdiction and interfered with the statutory and regulatory process as established by the California Legislature. The Moratorium and the Ordinance frustrate the state law which is intended to establish uniform state-wide standards designed to regulate mobilehome parks.

39. The Moratorium and the Ordinance work an unconstitutional taking of Plaintiff's private property for public use because they do not advance any legitimate interest of City and they constitute an illegal exaction imposed on Plaintiff. State law prohibits the enactment of the Moratorium. State law also prohibits the City from imposing the conditions set forth in the Ordinance. Plaintiff is informed and believes, and based on such information and belief alleges, that City enacted the Moratorium and the Ordinance knowing that it had no power to do so.

40. Plaintiff is further informed and believes, and based on such information and belief alleges, that City enacted the Moratorium and the Ordinance knowing that they did not advance any legitimate governmental interests.

41. Even assuming City had the power to enact the Moratorium and/or the Ordinance, Plaintiff is informed and believes, and based on such information and belief alleges, that there is not an essential nexus between the prohibition imposed in the Moratorium and the conditions imposed in the Ordinance and any authority City may have to enact either the Moratorium or the Ordinance. Moreover, Plaintiff is informed and believes, and based on such information and belief alleges, that the prohibition imposed on the Moratorium and the conditions imposed in the Ordinance are not roughly proportional to the effects of the conversion of Plaintiff's mobilehome Park. Rather, both the Moratorium and the Ordinance prevent Plaintiff from exercising a legitimate right to convert its Park to resident ownership and force Plaintiff, a single property owner, to bear a disproportionate share of the cost of allegedly protecting the public safety, health and welfare.

42. Plaintiff has suffered and continues to suffer damages, in an amount to be proven at trial, as a result of City's unconstitutional taking of its private property. Plaintiff's lawful use of its property has been unlawfully stymied and the value of the Park have been damaged by the imposition of the illegally enacted Moratorium and Ordinance, resulting in damages for a taking in an amount to be proven at trial but believed to be not less than $14,625,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a judicial declaration of the respective rights and duties of Plaintiff and of Defendants with respect to Government Code section 66427.5, California law, and the Ordinance. In particular, Plaintiff desires a declaration that the Ordinance violates Government Code section 66427.5 and California law renders the Ordinance invalid in its present form;

2. For a preliminary injunction and permanent injunction prohibiting Defendants from enforcing the Ordinance in its present form;

3. For recovery of damages against Defendants in an amount to be proven at trial, but not less than $14,625,000.00;

4. For an award of costs of suit, expenses, and reasonable attorneys' fees against Defendants; and

5. For such other further relief as the Court deems just and proper.

DATED: November 12, 2007

GILCHRIST & RUTTER
Professional Corporation

By: _____
Thomas W. Casparian
Attorneys for Plaintiff Palo Mobile Estates Associates