1  Michael Sanderson Lawson, SBN: 48172
   City Attorney
2  CITY OF EAST PALO ALTO
   2415 University Avenue
3  East Palo Alto, CA 94303
   Telephone: (650) 853-5921
4  Facsimile:  (650) 853-5923

5  Benjamin P. Fay, SBN: 178856
   Rick W. Jarvis, SBN: 154479
6  JARVIS, FAY & DOPORTO, LLP
   475 - 14th Street, Suite 260
7  Oakland, CA 94612
   Telephone:     (510) 238-1400
8  Facsimile:     (510) 238-1404
   rjarvis@jarvisfay.com
9  bfay@jarvisfay.com

10 Attorneys for Defendant
   CITY OF EAST PALO ALTO

11

12            UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA

14

15 | PALO MOBILE ESTATES ASSOCIATES, | CASE NO:    C 07-03601 PJH
   | a California limited partnership, |
16 | |
17 |              Plaintiff,          | **JOINT CASE MANAGEMENT**
   | |                                  **CONFERENCE STATEMENT OF**
18 | v.                               | **DEFENDANT CITY OF EAST PALO**
   | |                                  **ALTO AND PLAINTIFF PALO**
19 | CITY OF EAST PALO ALTO, a municipal | **MOBILE ESTATES ASSOCIATES**
   | corporation; DOES 1 through 10, inclusive, |
20 | |
21 |              Defendants.         | Superior Court Action Filed: June 12, 2007
   | |                                  Removed to Federal Court: July 12, 2007
22 | |                                  Trial Date: None Set

23        The Defendant City of East Palo Alto ("the City") and the Plaintiff Palo Mobile Estates

24 Associates ("PME") hereby submit the following joint case management conference statement.

25                    **Introductory Statement**

26        The City and PME respectfully request that the Court stay this matter, including discovery,

27 until the related petition for a writ of mandate in the San Mateo County Superior Court has been

28 resolved.

This case is a challenge to an ordinance enacted by the City of East Palo Alto that created regulations for applications to convert rental mobilehome parks into resident-owned mobilehome parks ("the Ordinance"). PME owns a rental mobilehome park in the City which it would like to convert into a resident-owned mobilehome park. PME seeks a declaration that the Ordinance is invalid, an injunction to prevent the City from enforcing the Ordinance, and monetary compensation because PME contends the Ordinance, as well as the moratorium City had imposed on mobilehome park conversions within the City prior to the adoption of the Ordinance ("the Moratorium"), has effected a taking of its property without just compensation.

On November 13, 2007, PME filed a petition for a writ of mandate in the San Mateo County Superior Court challenging the validity of the Ordinance under California law.

The parties have discussed the conduct of this action and have agreed that it would be most efficient to first resolve the petition for a writ of mandate in the San Mateo County Superior Court before proceeding with this action, because the resolution of the writ of mandate will likely have a significant effect on the claims in this case. The parties therefore respectfully request that this action be stayed pending the resolution of the petition for a writ of mandate in the San Mateo County Superior Court. The parties request that this stay include a stay on discovery.

**Specific Issues Required to Be Addressed in This Statement by the**

**Standing Order for Joint Case Management Conference Statements**

**1.**    *Jurisdiction and Service:*

This Court has subject matter jurisdiction because the Third Cause of Action arises under the Fifth and Fourteenth Amendments of the United States Constitution, asserting a taking of the plaintiffs' property for a non-public purpose and without just compensation.

All parties have been served.

**2.**    *Facts:*

PME owns a rental mobilehome park in the City of East Palo Alto that it would like to convert into a resident-owned mobilehome park.

On March 13, 2007, the City Council of the City of East Palo Alto enacted a 45-day Moratorium on the conversion of rental mobilehome parks into resident-owned parks ("the

Moratorium").  The stated reason for the Moratorium was to prepare regulations for such conversions.  On April 24, 2007, the City Council of the City of East Palo Alto extended the Moratorium to July 27, 2007.  During the Moratorium, the City would accept and process applications for the conversion of rental mobilehome parks into resident-owned parks, but it would not approve such applications.

On June 12, 2007, PME filed two lawsuits in the San Mateo County Superior Court challenging the Moratorium.  One lawsuit petitioned for a writ of mandate invalidating the Moratorium, while the other lawsuit sought declaratory relief, an injunction, and monetary compensation for damages allegedly suffered by PME due to the Moratorium.  PME alleges that it suffered damages of not less than $14,625,000 due to the Moratorium.  The lawsuit seeking damages was removed to this Court because PME alleged that the Moratorium was a taking of property without compensation in violation of the United States Constitution.

In the lawsuit seeking a writ of mandate that remained in the San Mateo County Superior Court, PME brought a motion for the writ.  The motion was heard on July 20, 2007, and the court denied the writ "without prejudice to renew because the claim is not ripe and the Moratorium will expire on July 27, 2007."  Judgment was entered in favor of the City on October 22, 2007.

The Moratorium expired on July 27, 2007 and was not renewed by the City.

During the pendency of the Moratorium, PME submitted documents for an application to convert its mobilehome park from a rental park into a resident-owned park.  The City's Planning Manager determined that the application was incomplete.  PME disagreed with this determination, but submitted some of the further documentation requested by the City.  The Planning Manager has determined that the application is still incomplete.  PME has appealed this determination to the Planning Commission.  PME may seek a writ of mandamus to compel the City to deem the application complete and set it for hearing pursuant to Government Code section 66427.5.

On July 17, 2007, the City Council of the City of East Palo Alto enacted the Ordinance.  On November 13, 2007, PME filed a new petition for a writ of mandate in the San Mateo County Superior Court challenging the validity of the Ordinance, and PME supplemented its complaint in

1   this action to add a claim for damages, alleging that the Ordinance is a taking of its property, and

2   seeking declaratory and injunctive relief against the Ordinance.

3       **3.**    *Legal Issues:*

4       a.    Whether the Ordinance is preempted by, or conflicts with, section 66427.5 of the

5   California Government Code.  *El Dorado Palm Springs, Ltd. v. City of Palm Springs,* 96 Cal. App.

6   4th 1153 (2002).

7       b.    Whether the Ordinance effected a taking of PME's property without just

8   compensation in violation of the Fifth and Fourteenth Amendments to the United States

9   Constitution and Article I, Section 19 of the California Constitution.

10      c.    What the proper method for determining and calculating just compensation would

11  be if the Court determines the Ordinance has effected a taking of PME's property without just

12  compensation.  *Palazzolo v. Rhode Island*, 533 U.S. 606, 617-18 (2001); *Penn Cent. Transp.*

13  *Co. v. City of New York*, 438 U.S. 104 (1978).

14      d.    Whether PME's takings claim is ripe for review.  *Kinzli v. City of Santa Cruz*, 818

15  F.2d 1449, 1453-54 (9th. Cir. 1987).

16      **4.**    *Motions:*

17      The City expects to bring a motion for summary judgment.

18      **5.**    *Amendment of Pleadings:*

19      No amendments to the pleadings are anticipated.

20      **6.**    *Evidence Preservation:*

21      The parties have not taken any specific actions to preserve evidence.

22      **7.**    *Disclosures:*

23      The parties have not made the initial disclosures required by Rule 26(a) of the Federal

24  Rules of Civil Procedure.  Because the parties are requesting that the Court stay the case, we both

25  ask that the initial disclosures be delayed until the case resumes.

26      **8.**    *Discovery:*

27      No discovery has occurred in this case, and the parties ask that discovery be stayed until

28  the resolution of the petition for a writ of mandate by the San Mateo County Superior Court.

1    **9.    *Class Actions:***

2    This is not a class action.

3    **10.    *Related Cases:***

4    As discussed above, there was a related action in the San Mateo County Superior Court

5    (*Palo Mobile Estates Associates v. City of East Palo Alto*, case number CIV 463681).  It was a

6    petition for a writ of mandate that sought to overturn the Moratorium.  The court denied the writ

7    "without prejudice to renew because the claim is not ripe and the moratorium will expire on

8    July 27, 2007" and judgment was entered in favor of the City.

9    On November 13, 2007, PME filed a new petition for a writ of mandate in the San Mateo

10    County Superior Court.  (*Palo Mobile Estates Associates v. City of East Palo Alto*, case number

11    CIV 467731.)  This new petition challenges the Ordinance.

12    **11.    *Relief:***

13    PME seeks:

14        a.    A declaration that the Ordinance violates section 66427.5 of the California

15            Government Code and is therefore invalid,

16        b.    An injunction to prohibit the City from enforcing the Ordinance, and

17        c.    Damages of at least $14,625,000.

18    The City contends that the Ordinance is valid and that therefore the declaratory relief and

19    the injunctive relief sought by PME should be denied.  The City also contends that PME's claim

20    for damages cannot succeed because the Ordinance does not constitute a taking and because this

21    claim is not ripe for review and cannot be ripe for review until PME has at least submitted a

22    complete application and had that application denied.

23    The City further contends that if PME can establish that the Ordinance constitutes a taking,

24    the City contends that damages will be difficult to determine because they are very speculative.

25    PME will have to show that it would have obtained profits that, but for the temporary Moratorium,

26    it will now not obtain.

27    *///*

28    *///*

---

**12.    *Settlement and ADR:***

The parties agree that ADR is not practicable in this case.  The case turns on the legality of legislative actions taken by the City.  The City's decision is rooted in matters of public policy, and is not one that the City can agree to change.

**13.    *Consent to Magistrate Judge for All Purposes:***

The City consents to all further proceedings, including trial and judgment, being conducted by a magistrate judge.  PME does not.

**14.    *Other References:***

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    *Narrowing of Issues:***

The City suggests that the trial be bifurcated between liability and damages and that there first be a trial on liability.  If liability is found, then the parties can conduct discovery into damages, which is likely to depend on experts, and then there would be a trial to determine damages.

**16.    *Expedited Schedule:***

This case is not appropriate for expedited procedures.

**17.    *Scheduling:***

The parties request that the case be stayed pending the ruling of the Superior Court on PME's petition for a writ of mandate.  When the case restarts a further case management conference can be held to determine scheduling.

**18.    *Trial:***

If the trial is bifurcated, each phase of the trial should take two to three days.  PME seeks a jury trial on the issue of damages.

**19.    *Disclosure of Non-Party Interested Entities or Persons:***

For the City: The City has not filed a "Certification of Interested Entities or Persons" because it is a government entity.  However, the City considers the current residents of the Palo

Mobile Estates mobilehome park to be interested parties who could be substantially affected by the outcome of this case.

For PME: PME filed a "Certification of Interested Entities or Persons" on October 25, 2007. The partners of Palo Mobile Estates Associates are as follows:

a.    Allene Kirchner

b.    Coletta S. Sitney & Jan M. Miller
Trustees, U/T/D/ DTD 10/9/87

c.    Betty Watson

d.    Lawrence Small & Florence Small
As Joint Tenants WROS

e.    Harold Pat Paterson

f.    Glen R. Johnson & Julie Dees Johnson
TTEES Johnson Family Trust dtd 9/30/99

g.    The 2005 Ellis Family Trust
H. James Ellis & Vicki M. Ellis, TTEES

h.    Bypass Trust of the MJAK Family Trust
Patrick B. Impett, Trustee

i.    Wendy Robinson

j.    Seena N. Hoose Separate Property Trust
Seena N. Hoose, Trustee

k.    Gary Light, Trustee for Vic Hubbard
Speed & Marina Corp., PST

l.    Alice M. Brady

m.    Douglas Kirchner

n.    Diane Kirchner Scott

o.    Jan Kirchner Carrier

p.    Ira & Jeanne Andersen Trust 82749

q.    Ronya Robinson

r.    Sandra Osborn

s.    Jean Walter

1    **20.**   *Other Matters:*

2    None.

3                                    Respectfully submitted,

4

5    Dated:   11/28/07                JARVIS, FAY & DOPORTO, LLP

6

7                                    By:   /s/  Benjamin P. Fay
                                          Benjamin P. Fay
8                                    Attorneys for Defendant
                                     CITY OF EAST PALO ALTO
9

10   Dated:   11/28/07                GILCHRIST & RUTTER

11

12                                   By:   /s/  Thomas W. Casparian
                                          Thomas W. Casparian
13                                   Attorneys for Plaintiff
                                     PALO MOBILE ESTATES ASSOCIATES
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28