Michael Sanderson Lawson, SBN: 48172
City Attorney
CITY OF EAST PALO ALTO
2415 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 853-5921
Facsimile: (650) 853-5923

Benjamin P. Fay, SBN: 178856
Rick W. Jarvis, SBN: 154479
JARVIS, FAY & DOPORTO, LLP
475 - 14th Street, Suite 260
Oakland, CA 94612
Telephone:    (510) 238-1400
Facsimile:    (510) 238-1404
rjarvis@jarvisfay.com
bfay@jarvisfay.com

Attorneys for Defendant
CITY OF EAST PALO ALTO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO MOBILE ESTATES ASSOCIATES, a California limited partnership,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO, a municipal corporation; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO:   C 07-03601 EDL<br><br>**ANSWER TO FIRST SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND INVERSE CONDEMNATION**<br><br>Superior Court Action Filed: June 12, 2007<br>Removed to Federal Court: July 12, 2007<br>Trial Date: None Set |

Defendant CITY OF EAST PALO ALTO (hereinafter "Defendant") hereby answers the "First Supplemental Complaint for Declaratory Relief, Injunctive Relief and Inverse Condemnation" (hereinafter "the Complaint") filed by Plaintiff PALO MOBILE ESTATES ASSOCIATES (hereinafter "Plaintiff") as follows:

　　　　1.　　Answering paragraph 1, without waiving any of Defendant's affirmative defenses as to whether Plaintiff's claims for relief are ripe for review or otherwise fail to meet the case or controversy

requirement of Article III of the United States Constitution, Defendant admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1367.  This Court has jurisdiction over the Plaintiff's third claim for relief because it arises under the Fifth and Fourteenth Amendments of the United States Constitution, and this Court has supplemental jurisdiction over Plaintiff's first and second claims for relief.   Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 1.

2. Answering paragraph 2, Defendant admits that the City of East Palo Alto is located in the County of San Mateo and that this Court has personal jurisdiction over Defendant.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 2.

3. Answering paragraph 3, Defendant admits that this action is properly venued in the United Stated District Court for the Northern District of California.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 3.

4. Answering paragraph 4, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis denies the allegations contained in paragraph 4.

5. Answering paragraph 5, Defendant admits that Defendant is a municipal corporation, organized and existing under the laws of the State of California.

6. Answering paragraph 6, Defendant denies the allegations set forth in paragraph 6.

7. Answering paragraph 7, Defendant denies the allegations set forth in paragraph 7.

8. Answering paragraph 8, Defendant admits that the Palo Mobile Estates mobilehome park ("the Park") is located in the City of East Palo Alto.  On May 1, 2007, Defendant received an incomplete application to convert the Park from a rental mobilehome park into a resident-owned mobilehome park.  The application remains incomplete and has not been approved by Defendant.  The application is subject to section 66427.5 of the Government Code, the relevant provisions of the Subdivision Map Act, and the relevant provisions of Defendant's Municipal Code.  If the conversion occurs, then Defendant's rent control ordinance with regard to the Park will be supplanted by the relevant State law.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 8.

9. Answering paragraph 9, Defendant admits that there are statutes that regulate mobilehome parks and the conversion of mobilehome parks from rental parks into resident-owned parks. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 9.

10. Answering paragraph 10, Defendant admits that section 66427.5 of the Government Code applies to conversions of mobilehome parks from rental parks into resident-owned parks. Section 66427.5 of the Government Code speaks for itself, and its interpretation and application is a matter of dispute in this litigation. The California Department of Real Estate is involved with mobilehome park conversions after the conversions have been approved by the local regulatory body. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 10.

11. Answering paragraph 11, Defendant admits that on May 1, 2007, Defendant received an incomplete application to convert the Park from a rental mobilehome park into a resident-owned mobilehome park. The application is not complete and has not been reviewed or approved by Defendant. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 11.

12. Answering paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies the allegations contained in paragraph 12.

13. Answering paragraph 13, Defendant admits that a letter dated March 9, 2007 from an attorney representing Plaintiff to the City Council of the City of East Palo Alto objected to Defendant's proposed 45-day moratorium on the conversion of rental mobilehome parks into resident-owned mobilehome parks and set forth several arguments as to why Plaintiff held the belief that Defendant could not legally enact this moratorium, including arguments that the subject matter of the moratorium was preempted by state law and that the moratorium could not be enacted under section 65858 of the Government Code. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 13.

14. Answering paragraph 14, Defendant admits that on March 13, 2007, the City Council of the City of East Palo Alto enacted Ordinance No. 299 which imposed a 45-day moratorium on the

conversion of rental mobilehome parks into resident-owned mobilehome parks.  A copy of Ordinance No. 299 is attached to the Complaint as Exhibit "A."  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 14.

15.   Answering paragraph 15, Defendant admits that a letter dated April 13, 2007 from an attorney representing Plaintiff to the City Council of the City of East Palo Alto objected to the extension of Defendant's moratorium on the conversion of rental mobilehome parks into resident-owned mobilehome parks and set forth several arguments as to why Plaintiff continued to hold the belief that Defendant could not legally enact this moratorium, including arguments that the subject matter of the moratorium was preempted by state law and that the moratorium could not be enacted under section 65858 of the Government Code because there was no current and immediate threat to the public health, safety, or welfare and that such a conversion is not a "change of use."  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 15.

16.   Answering paragraph 16, Defendant admits that following a hearing on April 24, 2007, the City Council of the City of East Palo Alto adopted Ordinance No. 300, which extended for three months, until July 27, 2007, the moratorium on the approval of applications to convert rental mobilehome parks into resident-owned mobilehome parks.  Representatives of Plaintiff attended the meeting and objected to the moratorium, continuing to argue that it was illegal.  Section 2 of Ordinance No. 300 states: "During the period this ordinance remains in effect, no permit or approval of any entitlement application shall be granted allowing the conversion of a mobilehome park to resident ownership within the city of East Palo Alto."  Section 1, subsection (i), of Ordinance No. 300 states: "The City Council finds that the extension of the temporary moratorium is necessary to provide staff and advisory bodies sufficient time to study the issues and make recommendations on whether and how to regulate mobilehome park conversions consistent with the provisions of Gov. Code § 66427.5."  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 16.

17.   Answering paragraph 17, Defendant denies the allegations set forth in paragraph 17.

18.   Answering paragraph 18, Defendant admits that in a letter dated July 6, 2007 to the City Council of East Palo Alto, an attorney for Plaintiff argued that a proposed ordinance to implement regulations for the conversion of rental mobilehome parks into tenant-owned mobilehome parks would

be illegal. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 18.

19. Answering paragraph 19, Defendant admits that on July 10, 2007 the East Palo Alto City Council held a public hearing regarding the proposed ordinance. An attorney for Plaintiff appeared and argued that the proposed ordinance would be illegal. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 19.

20. Answering paragraph 20, Defendant admits that at the July 10, 2007 meeting of the East Palo Alto City Council three councilmembers were present. It was decided not to enact the proposed ordinance as an urgency ordinance, and instead it was introduced as a regular ordinance by a vote of 3 to 0. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 20.

21. Answering paragraph 21, Defendant admits that the East Palo Alto City Council held the second reading of the proposed ordinance, which was identified as Ordinance Number 305 (hereinafter "the Ordinance") at its meeting on July 17, 2007. The Ordinance was approved and was then to go into effect 30 days later. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 21.

22. Answering paragraph 22, Defendant admits that section 14.18.030 of the Ordinance states, in part:

"A. . . . All requests to subdivide a mobilehome park shall require submission of . . . :

". . .

"6. Copies of all Title 25 inspection reports for the previous three years. If there has been no Title 25 inspection within that time period then one must be obtained. Subdivider shall provide a list of all deficiencies found on inspection and evidence that all deficiencies have been corrected. In addition, written documentation from California department of housing and community development that the park complies with all applicable Title 25 requirements shall be provided;"

"7. An engineering report on the type, size, current condition, adequacy and remaining useful life of common facilities located within the park, including, but not limited to, water systems, sanitary sewer, fire protection, storm water, streets, lighting, pools, playgrounds and community buildings. The report shall be prepared by a registered civil or structural engineer or a licensed general engineering contractor;

"8.   All legal documents confirming the legal status of the park, including, but not limited to, documents (i) prepared for and defining the powers and duties of the proposed homeowner's association, including articles of incorporation, by-laws, and conditions, covenants and restrictions; and (ii) a general title report.

". . . .

"D.   Report on the Impact of the Conversion on Existing Residents. A report on the impact of the conversion upon the residents of the mobilehome park to be converted shall be submitted at the time of filing the application for conversion. This report must include all information required by state law and this chapter, including:

"1.   A description of the property, including the number of mobilehomes that are owner-occupied and the number of mobilehomes that are rented. For rented mobilehomes, the nature of the tenancy (e.g., yearly lease or month-to-month) and the name and address of the lessor;

"2.   The rental rate history for each space for each of the previous five years;

"3.   A spreadsheet for the statutory rent increase maximums for lower income households as set forth in Government Code Section 66427.5(f)(2);

"4.   The monthly vacancy rate for each month during the preceding two years;

"5.   The components of existing resident households including family size, length of residence, age of residents, estimated household income and whether receiving government rent subsidies;

"6.   The availability of mobilehome spaces within the city limits including the current space rent charged for the space, the amenities offered, and any restrictions on the type or age of the mobilehome that may occupy the space;

"7.   An analysis of moving an existing mobilehome to another site that shall include, but not be limited to, the availability of other sites, the total costs of relocation to a new location, and the likelihood of an existing mobilehome being accepted at other sites;

"8.   In the event the number of available mobilehome spaces within the city is insufficient to accommodate all the residents of the mobilehome park, the report shall include a statement of the availability and cost of any non-mobilehome housing alternatives located within the city. The report shall also include a description of all available mobilehome spaces within thirty (30) miles of the project, the current space rent charged, the amenities offered, whether rent control is in effect, and any restrictions on the type or age of the mobilehome that may occupy the space;

"9.   A market rent survey or appraisal in accordance with nationally recognized professional standards as set forth in Government Code Section 66427.5(f).

"E.   Survey of Support of Residents. A survey of support of the residents of the mobilehome park for the proposed conversion that meets the requirements of Government Code Section 66427.5(d) shall be submitted at the time of filing the application for conversion. The survey shall be conducted in accordance with an agreement between the subdivider and the homeowners association if such association exists. The homeowners association must be independent of the subdivider or mobilehome park owner. In the event there is more than one homeowners association, the agreement shall be with the one having the greater number of members. The survey

...

> shall be obtained pursuant to a written ballot and shall be conducted so that each occupied mobilehome space has one vote. Results of the survey shall be considered as part of the subdivision map hearing.
>
> "Evidence of the agreement between the subdivider and the homeowners association must be submitted with the application. If there is no written agreement, then the subdivider shall provide signed affidavits, under penalty of perjury, from the subdivider or the subdivider's representative and from two officers of the association setting forth the details of the agreement.
>
> "The survey of support of residents may be submitted subsequent to the filing of the application but at least thirty (30) days prior to the initial hearing, if agreed to in writing by the subdivider and homeowners association."

Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 22.

23. Answering paragraph 23, Defendant denies the allegations set forth in paragraph 23.

24. Answering paragraph 24, Defendant admits that the opinion in *Kavanau v. Santa Monica Rent Control Bd.*, (1997) 16 Cal.4th 761, contains the statement on page 779 that "if a property owner brings a timely action to set aside or void a regulation, he may *but need not* join a claim for damages. Instead, he may bring a damages claim separately after successfully challenging the regulation." Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 24.

25. Answering paragraph 25, Defendant admits that on May 1, 2007, Plaintiff filed a claim with the City under the California Tort Claims Act claiming damages allegedly arising out of the Moratorium. In a letter dated June 11, 2007, the City rejected the claim. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 25.

26. Answering paragraph 26, Defendant admits that on August 24, 2007, Plaintiff filed a claim with the City under the California Tort Claims Act claiming damages allegedly arising out of the Ordinance. In a letter dated September 12, 2007, the City rejected this claim. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 26.

27. Answering paragraph 27, Defendant realleges its responses to paragraphs 1 through 26 above.

28. Answering paragraph 28, Defendant admits that there is presently a controversy between Defendant and Plaintiff regarding the validity of the Ordinance. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 28.

29. Answering paragraph 29, Defendant does not dispute that Plaintiff may be seeking a declaration as set forth in paragraph 29. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 29.

30. Answering paragraph 30, Defendant denies the allegations set forth in paragraph 30.

31. Answering paragraph 31, Defendant realleges its responses to paragraphs 1 through 30 above.

32. Answering paragraph 32, Defendant does not dispute that Plaintiff may be seeking a preliminary and permanent injunction.

33. Answering paragraph 33, Defendant admits that Plaintiff has objected to the Ordinance and that Defendant has not repealed the Ordinance and continues to apply it. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 33.

34. Answering paragraph 34, Defendant denies the allegations set forth in paragraph 34.

35. Answering paragraph 35, Defendant denies the allegations set forth in paragraph 35.

36. Answering paragraph 36, Defendant denies the allegations set forth in paragraph 36.

37. Answering paragraph 37, Defendant realleges its responses to paragraphs 1 through 36 above 37.

38. Answering paragraph 38, Defendant denies the allegations set forth in paragraph 38.

39. Answering paragraph 39, Defendant denies the allegations set forth in paragraph 39.

40. Answering paragraph 40, Defendant denies the allegations set forth in paragraph 40.

41. Answering paragraph 41, Defendant denies the allegations set forth in paragraph 41.

42. Answering paragraph 42, Defendant denies the allegations set forth in paragraph 42.

## **AFFIRMATIVE DEFENSES**

1. As a first separate affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

2. As a second separate affirmative defense, Defendant alleges that Plaintiff has not submitted a complete application to convert the Park from a rental park into a resident-owned park, that Plaintiff has therefore not acted on such an application, and that therefore Plaintiff's claims are not ripe for review.

3. As a third separate affirmative defense, Defendant alleges that because the San Mateo County Superior Court denied Plaintiff's petition for a writ of mandate in *Palo Mobile Estates Associates v. City of East Palo Alto*, San Mateo County Superior Court Case number CIV 463681, in which Plaintiff sought to invalidate the Moratorium, Plaintiff's claims arising out of the Moratorium are barred by the doctrine of claim preclusion.

4. As a fourth separate affirmative defense, Defendant alleges that because the San Mateo County Superior Court denied Plaintiff's petition for a writ of mandate in *Palo Mobile Estates Associates v. City of East Palo Alto*, San Mateo County Superior Court Case number CIV 463681, in which Plaintiff sought to invalidate the Moratorium, Plaintiff's claims arising out of the Moratorium are barred by the doctrine of issue preclusion

5. As a fifth separate affirmative defense, Defendant alleges that Plaintiff's claims arising out of the Moratorium are moot because the Moratorium has expired.

6. As a sixth separate affirmative defense, Defendant alleges that Plaintiffs' claim that the Moratorium effected a taking of its property is barred because Plaintiff never submitted a complete application during the pendency of the Moratorium and therefore this claim was never ripe.

7. As a seventh separate affirmative defense, Defendant alleges that Plaintiff's claims for relief are barred because Plaintiff has not exhausted the administrative remedies that are applicable to its application to convert its mobilehome park from the rental park into a tenant-owned park.

**PRAYER**

Defendant prays:

1. That the Complaint be denied and all of its claims for relief be dismissed with prejudice;

2. That Defendant be awarded the costs of suit incurred herein;

3. That Defendant be awarded its reasonable attorney's fees; and

///
///
///
///

1  4. That Defendant be granted such other and further relief as this Court may deem just and
2  proper.

3  Dated: December 5, 2007               JARVIS, FAY & DOPORTO, LLP

5                                                            By: /s/ Benjamin P. Fay
                                                                  Benjamin P. Fay
                                                            Attorneys for Defendant
6                                                           CITY OF EAST PALO ALTO

Answer to 1st Supp. Complaint for Decl. Relief, Injunctive Relief, Inverse Condemnation    Case No:  C 07-03601 EDL